{¶ 82} I concur with the findings of the majority with respect to Reid's first, second, third, fourth, and eighth assignments of error. I respectfully dissent from the majority holding that sustains Reid's fifth and sixth assignments of error. I would also overrule Reid's seventh assignment of error concerning the imposition of maximum sentences. I would not require the trial court to resentence Reid or restate findings and reasons for the sentence imposed on the record.
 {¶ 83} The majority correctly points out that the findings and reasons required by R.C. 2929.14 and R.C. 2929.19(B)(2)(c) as well as the findings required by R.C. 2929.14(E)(4) need not "directly correlate each finding to each reason or state a separate reason for each finding," but they must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. State v. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806.
 {¶ 84} The majority claims the trial court addressed the factors of R.C. 2929.14(E)(4) but failed to provide its reasoning. I disagree. The trial court's comments outlined in the majority opinion more than satisfy the statutorily required reasons under both R.C. 20929.14(E)(4) and R.C. 2929.19(B)(2). The court specifically referenced the reasons by stating Reid showed no remorse for his conduct, that the victim's physical and mental condition was worsened by the victim's age, that the victim suffered serious physical and psychological harm, that Reid was the victim's stepfather, that due to his close proximity to her in the home she was more vulnerable, and that because of this relationship, greater harm occurred.
 {¶ 85} It is my view that the reasons support the findings that the sentence was proportional to the seriousness of Reid's conduct and that a consecutive sentence was necessary to punish the offender. I would overrule Reid's fifth and sixth assignments of error and remand the matter solely with respect to merger of the allied offenses addressed under the majority's analysis of the eighth assignment of error. For the same reasons, I would also overrule Reid's seventh assignment of error challenging the imposition of maximum sentences. I believe the reasons support the imposition of maximum sentences under R.C. 2929.14(C) and2929.19 (B)(2)(d).
This court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant and said appellee share the costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.